IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA CHATMAN as Special Administrator of the Estate of CEDRICK CHATMAN, deceased, | ) ) | |
| Plaintiff, | ) | Judge |
| v. | ) ) | |
| CITY OF CHICAGO, a municipal corporation, LOU TOTH, KEVIN FRY, and others not presently known to Plaintiff, | ) ) ) | **Jury Demand** |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the plaintiff by her attorneys, Brian W. Coffman, Coffman Law Offices, Mark F. Smolens, Law Office of Mark F. Smolens, and Richard R. Mottweiler, Mottweiler & Associates, and as her complaint against the defendants, state the following:

Jurisdiction and Venue

1. This action seeks damages under federal law, Title 42 U.S.C. §1983, for defendants' actions which violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. This action also seeks damages for claims arising under Illinois law.

2. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections 1331 and 1343 and this Court's supplemental jurisdiction under Title 28 U.S.C. Section 1367. Venue in this District is predicated upon Title 28 U.S.C. Section 1391(b) as all events giving rise to the claims asserted herein took place within this Northern District of Illinois.

1

<u>Parties</u>

3. Plaintiff, LINDA CHATMAN brings this action as the Special Administrator of the Estate of CEDRICK CHATMAN (hereinafter "CHATMAN"), deceased. LINDA CHATMAN is the mother of CEDRICK CHATMAN. CEDRICK CHATMAN was a resident of the City of Chicago, County of Cook, State of Illinois, in this District. CEDRICK CHATMAN died as a result of the injuries he sustained at the hands of defendants on January 7, 2013.

4. At all times material hereto defendant OFFICER LOU TOTH, (hereinafter "TOTH") was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto defendant TOTH was acting under color of state law and within the scope of his employment with the City of Chicago. TOTH is sued individually.

5. At all times material hereto defendant OFFICER KEVIN FRY (hereinafter "FRY") was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto defendant FRY was acting under color of state law and within the scope of his employment with the City of Chicago. FRY is sued individually.

6. The defendant City of Chicago (hereinafter "CITY") is an Illinois municipal corporation and body politic located in Cook County, Illinois. At all relevant times hereto, the CITY was the employer of defendants TOTH and FRY and other police officers involved in varying degrees in the events at issue.

7. Other individuals not presently known to the plaintiff were, at all relevant times to this complaint, duly appointed police officers of the City of Chicago, Illinois. At all times material to this complaint, these presently unknown defendants acted toward plaintiff's decedent under color of the statutes, ordinances, customs, and usage of the State of Illinois, City of Chicago, and the Chicago Police Department.

8. At all times relevant on January 7, 2013, defendants TOTH and FRY were on patrol in the area of East 75th Street and South Jeffrey in the City of Chicago.

9. On January 7, 2013, at approximately 1:45 in the afternoon defendants TOTH and FRY had observed 17 year old CHATMAN driving a Grey Dodge Charger.

10. While CHATMAN was stopped, in traffic in the vicinity of the intersection of East 75th and Jeffery, defendants TOTH and FRY exited their squad car and approached the automobile on foot.

11. CHATMAN exited the automobile and ran from defendants TOTH and FRY.

12. Upon information and belief, when directed to stop running by either TOTH or FRY in the vicinity of 75th and Jeffery, CHATMAN stopped running and turned to face the officer as he had been directed.

13. Thereafter, one or both of the officers fired at CHATMAN, which caused him to sustain multiple gunshot wounds.

14. At the time the officers shot at CHATMAN, the five foot five inch teenager did not pose a threat of harm to defendants TOTH, FRY or any other individual in the area of the shooting.

15. According to the Cook County Medical Examiner, CHATMAN died of multiple gunshot wounds.

16. By reason of the above-described acts and omissions of the defendant police officers, plaintiff LINDA CHATMAN sustained economic injuries, physical injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to her damage.

17. The aforementioned acts of the defendant police officers TOTH and FRY were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

## COUNT I
## EXCESSIVE FORCE (Individual defendants) - 42 U.S.C. § 1983

18. Plaintiff re-alleges and incorporates paragraphs one through seventeen above as if fully restated here in as this paragraph eighteen.

19. At all times relevant hereto, plaintiff's decedent had the right to be from injury from unreasonable, malicious, excessive force from state actors such as defendants, as protected by the Fourth and Fourteenth Amendments to the Constitution of the United States.

20. As described above, defendants TOTH and FRY violated the plaintiff's decedent's right to be free from unreasonable, malicious, excessive force when he/they shot CHATMAN causing multiple gunshot wounds which proximately caused his death.

21. As result of defendants' concerted unjustified and excessive use of force, CHATMAN suffered injuries, pain as well as severe emotional distress.

22. Upon information and belief, other presently unknown Chicago police officers may have been present and had a reasonable opportunity to prevent the harm done to CHATMAN, and should have intervened to prevent the individual officers' unjustified and excessive use of force.

23. As a result of their failure to intervene, CHATMAN suffered pain and injury, and ultimately death.

24. The misconduct described in this Count I was objectively unreasonable and was undertaken intentionally with willful deliberate indifference to CHATMAN's constitutional rights.

25. The misconduct described in this Count I was undertaken with malice, willfulness, and reckless indifference to the rights of others.

## COUNT II
## EXCESSIVE FORCE (*Monell* claim) - 42 U.S.C. § 1983

26. Plaintiff re-alleges and incorporates paragraphs one through twenty-five above as if fully restated herein as this paragraph twenty-six.

27. At all times relevant to this complaint, the individually named defendants, TOTH and FRY Ross, were acting under the direction and control of supervisory personnel in charge of the City of Chicago Police Department.

28. Upon information and belief, supervisory personnel and decision makers in charge of the City of Chicago Police Department knowingly, and with callous disregard for plaintiff's decedent's rights, failed to properly instruct, supervise, control, and discipline on a continuing basis employees of the Department, including but not limited to defendants TOTH and FRY, in their duties to refrain from unlawfully and maliciously using excessive and unreasonable force when restraining or attempting to restrain individuals.

29. Defendant CITY and its Police Department failed to develop, maintain, and enforce proper procedures and conduct proper training of their employees, including but not limited to defendants TOTH and FRY, and failed to control or discipline those employees on a continuing basis, said failures having proximately caused the violation of plaintiff's decedent's rights.

30. Defendant CITY and its Police Department had the obligation to properly instruct, supervise, control, discipline or otherwise prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence and knowingly, recklessly, or with deliberate indifference and callous disregard of plaintiff's decedent's rights and refused to do so.

31. As a matter of both policy and practice, the actions and inactions of defendant CITY and its Police Department have facilitated and permitted the very type of misconduct at issue here by failing to adequately investigate, discipline and/or punish prior instances of misconduct similar to that alleged in this Complaint by officers employed by the Chicago Police Department, thereby leading defendants TOTH and FRY, to believe that their actions would never be scrutinized and, in that way, directly encouraged future abuses such as those which affected plaintiff's decedent, CHATMAN.

32. As a matter of both policy and practice, defendant CITY and its Police Department attempted to, and did, facilitate cover-ups of abuses fostered upon citizens by officers employed by members of the Chicago Police Department.

33. Upon information and belief, as a matter of widespread practice so prevalent as to comprise municipal policy on the part of defendant CITY, officers of the Chicago Police Department have abused other citizens in a manner similar to that alleged by plaintiff's decedent, CHATMAN, in this Complaint.

34. Upon information and belief, defendant CITY and its Police Department, through its supervisory personnel and decision makers is aware of (and condone and facilitate by their inaction) a "code of silence" among employees working for the Chicago Police Department, including but not limited to defendants TOTH and FRY, by which such

employees fail to report misconduct committed by others, such as the misconduct at issue in this case.

35. Upon information and belief, defendant CITY and its Police Department have failed to act to remedy the patterns of abuse described in the instant Complaint, despite actual knowledge of the same on the part of Departmental supervisory personnel and decision makers, thereby causing the types of injuries and damages alleged herein.

36. The foregoing acts, omissions, and systematic failures are customs and policies of the CITY and its Police Department and, upon information and belief, caused individuals employed by the Chicago Police Department including defendants TOTH and FRY, to believe that complaints of excessive and unreasonable force would not be honestly or properly investigated, with the foreseeable result that such employees would therefore be likely to use excessive and unreasonable force.

37. As a direct and proximate cause of the aforesaid acts, omissions, policies and customs of the CITY and its Police Department, through its supervisory personnel and decision makers, plaintiff's decedent was deprived of rights as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

## COUNT III
## WRONGFUL DEATH - STATE LAW

38. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs one through twenty five above as and for this paragraph thirty-eight.

39. At the aforesaid place and time, the CITY, by its agents and employees, including but not limited to the individually named defendants TOTH and FRY, was under a duty to avoid willful and wanton misconduct while conducting police activities.

40. At all times relevant, it was the duty of the CITY, by and through its duly authorized agents, servants, and/or employee police officers, to refrain from conduct exhibiting a reckless or conscious disregard for the safety of others, including the plaintiff's decedent, CHATMAN.

41. Moreover, at the aforesaid time and place, the CITY, by its agents and employees, was under a duty to comply with and conduct itself in accordance with accepted and established police procedures and policies and the Chicago Police Department's General and Special Orders.

42. Notwithstanding these duties, the CITY, by its authorized agents, servants, and/or employee police officers committed one or more of the following willful and wanton acts and/or omissions:

    a. Used deadly force against CHATMAN under circumstances in which CHATMAN presented no threat of death or serious bodily harm to the police officers or any other individual;

    b. Discharged a firearm at CHATMAN under circumstances in which CHATMAN presented no threat of death or serious bodily harm to the police officers or any other individual;

c.  Discharged a firearm at CHATMAN when CHATMAN was unarmed;

d.  Discharged a firearm at CHATMAN when police officers knew or should have known that CHATMAN was not armed with a gun;

e.  Recklessly and intentionally discharged a firearm at CHATMAN knowing that it would cause CHATMAN'S death or serious bodily injury;

f.  Failed to remove FRY from the streets in light of a history of police-related shootings;

g.  Failed to remove TOTH and FRY from the streets in light of their respective histories of civilian complaints and civil rights litigation;

h.  Despite having the capacity to track patterns of behavior by its officers, failed to proactively use that capacity so as to preclude defendants TOTH and FRY from wrongfully causing the death of the plaintiff's decedent.

43. That the aforesaid acts were committed occurred with reckless disregard for the safety of others, including but not limited to plaintiff's decedent CHATMAN, and constituted willful and wanton conduct.

44. As described in the preceding paragraphs, the conduct of defendants FRY and TOTH, acting within the scope of their employment, constituted unjustified and offensive physical contact, was undertaken willfully and wantonly, and proximately caused injury and death to CHATMAN.

45. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights and safety of others, including CHATMAN.

46. As a direct and proximate result of one or more of the above-stated willful and

9

wanton acts and/or omissions, CHATMAN was shot and died.

47. The misconduct described in this Count was undertaken by defendants TOTH AND FRY within the scope of their employment such that their employer, the CITY, is liable for their actions.

48. As a direct and proximate result of the death of CHATMAN, his mother, plaintiff LINDA CHATMAN, has and will continue to suffer great loss of a personal and pecuniary nature, and has been and will continue to be deprived of the society, companionship, friendship, comfort, guidance, love and affection of her son.

WHEREFORE, plaintiff LINDA CHATMAN, as Special Administrator of the Estate of CEDRICK CHATMAN, deceased, respectfully requests that judgment be entered in her favor for compensatory damages against all of the named defendants, for punitive damages against defendants TOTH and FRY, and that she be awarded her costs and a reasonable attorney's fee pursuant to the provisions of Title 42 U.S.C. § 1988, in addition to any other relief from this Court deemed just and proper.

/s/ Brian W. Coffman
One of the attorneys for plaintiff

**BRIAN W. COFFMAN #6285942**
**COFFMAN LAW OFFICES**
2615 N. Sheffield
Suite #1
Chicago, IL 60614
773-348-1295
bcoffmanlaw@gmail.com

**MARK F. SMOLENS #6190482**
**LAW OFFICE OF MARK F. SMOLENS**
1627 Colonial Parkway
Inverness, IL 60067
773 - 580-4982
ryansmolensjones@hotmail.com

**RICHARD R. MOTTWEILER #3123509**
**NICOLE L. BARKOWSKI #6295834**
**MOTTWEILER & ASSOCIATES**
1627 Colonial Parkway
Inverness, IL 60067
312-259-0234
tcblaw@aol.com