UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA CHATMAN, as Special Administrator of the Estate of CEDRICK CHATMAN, deceased, | ) ) ) ) | |
| Plaintiff, | ) | Case No. 13 CV 5697 |
| v. | ) ) | The Hon. Robert W. Gettleman |
| THE CITY OF CHICAGO, a municipal corporation, LOU TOTH, KEVIN FRY, and others not presently known to Plaintiff, | ) ) ) ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) ) | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION
FOR AN ORDER ON DECEDENT'S JUVENILE RECORDS**

Defendant City of Chicago, by its attorney, Stephen R. Patton, Corporation Counsel of the City of Chicago, and Defendant Officers Lou Toth and Kevin Fry, by and through one of their attorneys, Tiffany Y. Harris, Senior Corporation Counsel (collectively, "Defendants"), hereby submit their reply in support of their Motion for an Order on Decedent's Juvenile Records and state as follows:

**INTRODUCTION**

This is a wrongful death and excessive force case against the Defendant City of Chicago and Officers Kevin Fry and Lou Toth. Plaintiff's decedent, Cedrick Chatman, was 17 years old at the time of his death. Because it is relevant to the issue of damages, Defendants filed a petition in Circuit Court of Cook County Juvenile Justice Division which sought the release of the decedent's juvenile records, including court files. At the conclusion of the hearing on said petition, Juvenile Court Judge Rodney Hughes Brooks entered an order allowing Defendants to disclose to Plaintiff "all documents related to minor Cedrick Chatman prior to the minor's 17th

1

birthday, July 22, 2012 and such records shall be marked confidential." Judge Brooks' February 18, 2014 Order, attached hereto as Exhibit A. Defendants have since disclosed such records to Plaintiff. Judge Brooks' order, however, is silent as to the other records Defendants sought in their petition. *See* Exhibit A. The issue resolved at that hearing was that Defendants could disclose the documents currently in their possession. Therefore, Defendants intend on re-presenting their petition in Juvenile Court in order to request release of the remaining materials that were sought. In order to avoid a further waste of counsel's time and the time of both the Juvenile Court and this Court, on February 21, 2014 Defendants filed their Motion for an Order on Decedent's Juvenile Records, which requests a court order deeming Plaintiff's juvenile records relevant and discoverable. *See* Defendants' Motion for an Order on Decedent's Juvenile Records ("Defendants' Motion"), Docket (Dkt.) #36. The purpose of Defendants' Motion is not to request that this Court rule that the requested information is not privileged, nor is the purpose to request an order that the information be admissible at trial.

**ARGUMENT**

This Court should enter an order deeming the juvenile court records of Cedrick Chatman relevant for purposes of this litigation. Plaintiff fails to explain why this Court should not enter such an order because her Response to Defendants' Motion focuses on arguments regarding issues extraneous to the present motion and makes no argument that these records are not relevant. Plaintiff thus concedes that these records are relevant to this litigation. Accordingly, this Court should grant Defendants' Motion.

**I.      Plaintiff's arguments in response to Defendants' Motion are off point.**

Plaintiff's arguments in response to Defendants' Motion do nothing more than confuse the issue presently before the Court. Defendants' Motion requested this Court to "enter an order

that the decedent's juvenile criminal records are discoverable and relevant to the issue at hand." Defendants Motion, p. 1. Defendants are requesting this Court to deem these records relevant and discoverable so that Defendants may engage in discovery that may lead to information which is pertinent to their defense of this matter (as discussed in Defendants' Motion and in Section II, below). Rather than discussing the relevance of these records, Plaintiff instead focuses her argument on the fact that these records are privileged and inadmissible. *See* Plaintiff's Response to Defendants' Motion for an Order on Decedent's Juvenile Records ("Plaintiff's Response"), Dkt. #42. These arguments are inapposite.

Defendants are not requesting this Court to order the release of decedent's juvenile court records. As Plaintiff's own authority points out, this type of relief is not in the purview of this Court. *See* Plaintiff's Exhibit B, *A.K. v. G.V.*, No. 03 C 7071 (N.D. Ill. Apr. 29, 2004), p. 8-9 ("It is not for this court to decide whether plaintiff should be allowed access to court files…[t]he Juvenile Act requires an order of 'the court' for the interested person exception…[u]nless the context indicates otherwise, the Juvenile Act defines 'court' as meaning 'the circuit court in a session or division assigned to hear proceedings under this Act.' 705 ILCS 405/1-3(5)."). It is the Circuit Court of Cook County, Illinois Juvenile Division that has the authority to enter such an order. The point of Defendants' Motion is to streamline the petition that will be re-presented to this proper authority. Plaintiff's "privilege" argument would be more properly put forth in response to said petition, and is thus inappropriate here.

Plaintiff then confuses discoverability with admissibility. *See* Plaintiff's Response, p. 4-5. Defendants are not presently requesting this Court to decide that the decedent's juvenile criminal records be admissible at trial. Defendants are merely attempting to access information that could lead to the discovery of admissible evidence. Therefore, Plaintiff's attempt to

distinguish *People v Harris*, 873 N.E.2d 584 (Ill. App. 3rd Dist. 2007) – a case cited to in Defendants' Juvenile Court petition and not in Defendants' Motion – is irrelevant.

Lastly, Plaintiff seems to argue that because Defendants "obviously have some information," they should not be able to conduct additional discovery on this issue. Plaintiff's Response, p. 5. Plaintiff cites no authority for the novel position that if a party has "some" information it is barred from seeking more information. Defendants are clearly entitled to engage in discovery on relevant information.

The sole relief requested by Defendants' Motion is that this Court enter an order deeming the decedent's juvenile criminal records "discoverable and relevant." As discussed below and in Defendants' Motion, these records are both relevant and discoverable. Therefore, this Court should grant Defendants' Motion.

**II.     The records sought by Defendants are relevant.**

As discussed in Defendants' Motion, Federal Rule of Civil Procedure 26(b)(1) provides that parties may discover any matter which is not privileged and is relevant to the pending action. Defendants' Motion p. 2; FED. R. CIV. P. 26(b)(1). Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

Here, the records sought by Defendants are highly relevant to the claims brought and defenses put forth in this litigation. Plaintiff in this case is seeking an extraordinary amount of damages for the alleged wrongful death of Cedrick Chatman, a minor at the time of his death. As discussed in Defendants' Motion, the issue of decedent's criminal history is relevant to the potential alleged deprivation of support that the decedent's next of kin may suffer, as his criminal record may limit his prospects for employment, future income, and even life expectancy.

4

Defendants Motion, pp. 2-3. The information sought by Defendants is also relevant to the damages involving emotional loss and familial ties, and could also be used to impeach Plaintiff and her witnesses. *Id.* at p. 3. Defendants should not be forced to accept the testimony of Plaintiff and her witnesses regarding these issues at face value. Without the aforementioned records, Defendants will have no means by which to test the veracity of statements regarding Plaintiff's relationship and loss of society with the decedent. This information could therefore be crucial to the defense of this matter, and Defendants would be prejudiced if they were denied access to such information. As mentioned in Section I, above, Defendants are not presently requesting this Court to deem this information admissible; Defendants are merely requesting that they be given access to these records because they could contain relevant information that may lead to admissible evidence.

Notably, it appears that Plaintiff does not even dispute that this information is indeed relevant. *See* Plaintiff's Response, pp. 3-4. Nowhere in her Response does Plaintiff argue that the information sought by Defendants is not relevant to this litigation. *See* Plaintiff's Response. Plaintiff thus concedes that these records are relevant for purposes of this litigation. Plaintiff simply claims this information is privileged and inadmissible. However, as discussed in Section I, above, whether or not the records sought are privileged is a matter to be determined by the Juvenile Court and admissibility is to be determined at a later date. Accordingly, this Court should enter an order deeming the juvenile court records of Plaintiff's decedent, Cedrick Chatman, relevant for the purposes of this litigation.

## CONCLUSION

For the reasons set forth above and in Defendants' Motion for an Order on Decedent's Juvenile Records, Defendants respectfully request that this Court enter an order deeming the

juvenile criminal records of Cedrick Chatman relevant for the purposes of the litigation in order for their original motion to release the records may be re-presented to the Juvenile Court.

Dated: April 1, 2014

                                  Respectfully submitted,

BY: /s/Marion C. Moore
      Marion C. Moore
      Assistant Corporation Counsel
      30 N. LaSalle Street, Suite 900
      Chicago, Illinois 60602
      (312) 744-1056
      Attorney No. 6302566
      Attorney for Defendant City of Chicago

      /s/ Tiffany Y. Harris
      Tiffany Y. Harris
      Senior Corporation Counsel
      City of Chicago Department of Law
      30 N. LaSalle, Suite 900
      Chicago, IL 60602
      (312) 744-7684
      Attorney No. 6238533
      Attorney for Defendants Lou Toth & Kevin Fry

**CERTIFICATE OF SERVICE**

The foregoing has been electronically filed on April 1, 2014. I hereby certify that I have caused the foregoing to be served on all counsel of record via CM/ECF electronic notice.

                                          /s/ Marion C. Moore