**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Linda Chatman, as Special Administrator of the Estate of Cedrick Chatman,** | ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | No. 13 C 5697 |
| v. | District Judge Robert W. Gettleman |
| **The City of Chicago, Lou Toth, Kevin Fry, and others not presently known to Plaintiff,** | Magistrate Judge Geraldine Soat Brown |
| Defendants. | |

**ORDER**

For the reasons discussed in this order, defendants' Motion for an Order on Decedent's Juvenile Records [36] is granted as set out in this order.

**STATEMENT**

Plaintiff Linda Chatman has sued the City of Chicago and two of its police officers alleging that they are responsible for the wrongful death of her son Cedrick Chatman. (Compl.) [Dkt 1.] Defendants state that, as part of discovery, they petitioned the state juvenile court for the release of the decedent's juvenile records, which they argue are relevant to the issue of damages. (Defs.' Mot. at 1.) The parties differ as to their description of the hearing held by the state juvenile court (*cf.* Defs.' Mot. at 1-2 *with* Pl.'s Resp. at 4 [dkt 42]), but at the conclusion the state juvenile court judge ordered defendants City of Chicago and Chicago Police Officers to disclose all documents related to the decedent prior to his 17th birthday. (Juvenile Court Order, Feb. 18, 2014.) [Dkt 39.][1]

---

[1] It is not clear whether the issue presented to the juvenile court judge was defendants' obtaining Cedrick Chatman's juvenile court records – which is the focus of the present motion – or permission for defendants to release records the Chicago Police Department had about

Defendants, however, seek additional records in the possession of the juvenile court and assert that the juvenile court refused to allow access to those records because their relevancy is "a matter for the federal court to decide." (Def.'s Mot. at 1-2.) Thus, defendants ask this court for an "order deeming Plaintiff's juvenile records relevant and discoverable." (Defs.' Reply at 2.) [Dkt 48.]

Under Illinois law, "juvenile court records shall not be made available to the general public," but "the judge presiding over a juvenile court proceeding brought under this Act, in his or her discretion, may order that juvenile court records of an individual case be made available for inspection upon request by a representative of an agency, association, or news media entity or by a *properly interested person*." 705 Ill. Comp. Stat. § 405/1-8(C) (emphasis added). The term "properly interested person" has been interpreted to include a defendant in a lawsuit involving a juvenile "when, in good faith, [the defendant] believes the records are relevant to the case." *Landon v. Oswego Unit School Dist. #308*, No. 99 C 1803, 2000 WL 33172933 at *1 (N.D. Ill. Feb. 13, 2000) (citing *In re K.D.*, 666 N.E.2d 29, 31-32 (Ill. App. 1996)).

Here, the decedent's records are relevant because his criminal history may affect the amount of damages his mother might recover because of his death. *See Cobige v. City of Chicago*, 651 F.3d 780, 785 (7th Cir. 2011) ("When the law makes damages depend on matters such as the emotional tie between mother and son, the defendant is entitled to show that the decedent's character flaws undermined the quality of advice and support that she could have supplied."); *Chatham v. Parkhill*, No. 11-cv-650-SCW, 2013 WL 5912154 at *1 (S.D. Ill. Oct. 31, 2013) (allowing defendants to present "evidence of the decedent's criminal history and daily drug use in order to rebut evidence

---

Cedrick Chatman. The order entered by the judge, which is the only part of the proceedings provided to this court, suggests it was the latter.

regarding the decedent's relationship with his son"). As defendants explain, the decedent's "criminal record may [have] limit[ed] his prospects for employment, future income, and even life expectancy." (Defs.' Mot. at 3.)

Chatman does not meaningfully challenge defendants' argument that the records are relevant or that defendants are interested persons; rather, she emphasizes that even properly interested persons are only allowed to *inspect* juvenile records—not possess or copy them—and that the records may not be admissible. (Pl.'s Resp. at 3.) Defendants reply that they are not asking this court to deem the records admissible, or even to order them released. (Defs.' Reply at 5.) They concede that any order allowing inspection of the juvenile records would have to come from the state court. Although an earlier version of 705 ILCS 405/1-8(C) arguably permitted federal district courts to order inspection of juvenile records, *see Brokaw v. Brokaw*, 128 Fed. Appx. 527, 531-32 (7th Cir. 2005), the Illinois General Assembly modified the statute in 2013 to clarify that the authority to allow access to juvenile records rests with "the judge presiding over a juvenile court proceeding." Ill. Pub. Act. No. 98-552, § 5 (Aug. 27, 2013) (available at 2013 WL Ill. Legis. Serv. P.A. 98-552).

Accordingly, defendants' motion is granted as follows: the court finds that Cedrick Chatman's juvenile records are relevant to this lawsuit and within the scope of discovery. This order does not, however, constitute a ruling on whether the records are admissible in this case. Moreover, if defendants successfully obtain decedent's juvenile records, either party may move for a protective order to govern further disclosures and use of those records.

May 5, 2014  /s/ GERALDINE SOAT BROWN
United States Magistrate Judge