IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA CHATMAN, as Special Administrator of the Estate of CEDRICK CHATMAN, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 13 CV 5697 |
| v. | ) ) | The Hon. Robert W. Gettleman |
| THE CITY OF CHICAGO, a municipal corporation, LOU TOTH, KEVIN FRY, and others not presently known to Plaintiff, | ) ) ) ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) ) | |

## DEFENDANTS' JOINT RULE 26(a)(1) DISCLOSURES

Defendants City of Chicago and Officers Lou Toth and Kevin Fry, for their Rule 26(a)(1) Disclosures, hereby state as follows:

**(1) Initial Disclosures**

**A. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subject of the information:**

RESPONSE: Any and all individuals named in documents tendered to Plaintiff as part of these Disclosures, including but not limited to:

1. Plaintiff Linda Chatman may have knowledge of the incident that is the subject of this lawsuit and her alleged damages. IN addition, the witness may present testimony regarding prior arrests, interactions, and convictions of decedent, if any, as well as any drug or alcohol use.

2. Officer Kevin Fry, Star #15329, Chicago Police Department, may be contacted through defense counsel only, and may have knowledge regarding the incident that is the subject of this lawsuit, as well as all subject matter set out in documents produced in discovery by Plaintiff and Defendants, including, but not limited to police reports and deposition testimony that will be given by Defendant Fry. Specifically, Defendant Fry will testify as to his reasons for using deadly force, as well as that the use of deadly force in this case was justified and in accordance with his training. Defendant Fry may also testify regarding his personal assets and liabilities should Plaintiff seek an award of punitive

damages.

3. Officer Lou Toth, Star #14630, Chicago Police Department, may be contacted through defense counsel only, and may have knowledge regarding the incident that is the subject of this lawsuit, as well as all subject matter set out in documents produced in discovery by Plaintiff and Defendants, including, but not limited to police reports and deposition testimony that will be given by Defendant Toth. Defendant Toth may also testify regarding his personal assets and liabilities should Plaintiff seek an award of punitive damages.

4. Detective Paul Alfini, Star #20547, Chicago Police Department, may be contacted through defense counsel only, and may have knowledge of the incident that is the subject of this lawsuit as well as the investigation of said incident, including, but not limited to, individuals interviewed, evidence collected, pictures/videos taken, as well as all subject matter set out in documents produced in discovery by Plaintiff and Defendants, including, but not limited to police reports and his deposition testimony.

5. Detective Patrick Hackett, Star #20158, Chicago Police Department, may be contacted through defense counsel only, and may have knowledge of the incident that is the subject of this lawsuit as well as the investigation of said incident, including, but not limited to, individuals interviewed, evidence collected, pictures/videos taken, as well as all subject matter set out in documents produced in discovery by Plaintiff and Defendants, including, but not limited to police reports and his deposition testimony.

6. Detective Downes, Star #20639, and Herhold, Star #20993, Chicago Police Department, may be contacted through defense counsel only, may have knowledge of their interaction with the Plaintiff on the date of the incident.

7. Carlos Weeden, Mark Hitt, Daniel Neubeck, Oscar Nufio, and Larry Merritt of the Independent Police Review Authority may have knowledge of the incident that is the subject of this lawsuit, their involvement in the investigation of said incident, as well as to all subject matters set out in documents produced by Plaintiff and Defendants, including, but not limited to police reports and their deposition testimony.

8. Christopher Rankins, last known address 7840 S. Muskegon Avenue, Chicago, IL, may have knowledge of the criminal conduct of the deceased which occurred on January 7, 2013.

9. Lashawn Livingston, last known address 7503 S. Jeffrey Avenue, Apt. 4C, Chicago, IL, may have knowledge of the criminal conduct of the deceased which occurred on January 7, 2013.

10. Tiffany Scott, 7602 S. Essex, 3d Floor, Chicago, IL, may have knowledge of the criminal conduct of the deceased which occurred on January 7, 2013.

11. Akeem Clark, Cook County Department of Corrections, 2700 S. California Avenue,

Chicago, IL, may have knowledge of the criminal conduct of the deceased which occurred on January 7, 2013.

12. Martel Odum, Cook County Department of Corrections, 2700 S. California Avenue, Chicago, IL, may have knowledge of the criminal conduct of the deceased which occurred on January 7, 2013.

13. Forensic Investigators Eric Szwed, Star #4781, and Victor Rivera, Star #11520, and Evidence Technicians William Buglio, Star #3983, and Patrick Doyle, Jr., Star #7554, Chicago Police Department, may be contacted through defense counsel only, and may have knowledge regarding the incident that is the subject of this lawsuit, their involvement in the investigation of said incident, including, but not limited to evidence collected, pictures/videos taken, and any forensic testing and results, as well as to all subjects matters set out in the documents produced in discovery by Plaintiff and Defendants, and their deposition testimony. Any opinions will be held to a reasonable degree of certainty within their specialty and will be based on their involvement in the incident, their observations, training, and experience.

14. Paramedics Judy Townsend, #16130, and Antoinette Bradley, #20402, Chicago Fire Department, may be contacted through defense counsel only, and may have knowledge regarding the incident that is the subject of this lawsuit, all the information contained in the ambulance run sheet for decedent, the care and treatment provided to decedent, and all their other observations as they relate to this incident, as well as their deposition testimony. Their opinions will be based on a reasonable degree of certainty within their expertise and their opinions will be based on their training, education, experience, and observations in providing care to the decedent.

15. Dr. Marta Helenowski, Cook County Medical Examiner, Harris Street, Chicago, IL 60612-3704, may have knowledge of the incident that is the subject of this lawsuit, as well as her autopsy reports, notes, toxicology reports, photographs, and all other documents and tangible things related to the autopsy she performed upon the decedent. She is expected to give testimony regarding the information contained in her deposition. She may testify as to all conclusions she came to as it related to the autopsy she performed, the reasons for coming to such conclusions and the basis for such conclusions. She will testify as to the wounds on the decedent; specifically, which wounds are entry and exit wounds that were caused by the shooting incident. She may define all terms used in her reports. She will testify as to what the cause and manner of death was and the reasons for describing it as such, and what each label means as it related to the cause and manner of death. The basis for her opinions will be the autopsy she performed, the autopsy report and toxicology report, and her education, training, and experience. All her opinions will be to a reasonable degree of medical certainty.

16. Personnel from the Chicago Police Department, Cook County Clerk's Office, and/or Illinois Department of Juvenile Justice. This person will lay the foundation for and/or testify to decedent's criminal backgrounds, rap sheets, and criminal convictions, if any.

17. Chicago Police Department Personnel will lay foundation for all Chicago police department records produced in this case, including, but not limited to, police reports, event queries, unit queries, pictures, police dispatch, 911 tapes, transcriptions, police observation device (POD) cameras, etc.

18. Chicago Public Schools Personnel will lay foundation for the video taken by security cameras at South Shore High School.

19. Any and all individuals disclosed by the Plaintiff and all defendants through their Rule 26 disclosures and discovery responses. Investigation continues.

**This disclosure is not intended to be a final list of possible witnesses in this matter. Defendants reserve the right to supplement this disclosure as the investigation continues. Defendants further reserve the right to call any witness disclosed by Plaintiff through their disclosures or discovery and through their responses to various subpoenas issued in this case at the trial of this matter.**

**B. A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

**RESPONSE:** Defendants may use the following documents to support their defenses in this case. However, these documents contain juvenile information. Thus, they will be produced upon entry of an appropriate protective order.

> Case Reports
> Case Supplementary Reports
> Officer Battery Reports
> Tactical Response Reports
> Inventory Reports
> Negative LEICA Response
> Negative response for ERI and crime scene video
> Photographs
> Log #1059373
> Arrest reports for Martel Odum and Akeem Clark
> Ambulance report for Plaintiff's decedent
> Video from South Shore High School
> Video from POD cameras
> Medical Examiner's Report
> Office of Emergency Management and Communications event queries and recordings

Investigation continues. This disclosure is not intended to be a final list of possible documents to be used in this matter. Defendants reserve the right to supplement this disclosure as the investigation continues.

**C.     A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including material bearing on the nature and extent of injuries suffered.**

**RESPONSE:** Not applicable.

**D.     For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part of or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy judgment.**

**RESPONSE:** On January 7, 2013, the City of Chicago was self-insured for settlements and judgments up to and including $15 million per occurrence. For settlements or judgments covered by the City's excess liability policy in excess of $15 million, the City has the following coverage up to $65 million:

>   Star Surplus Lines Insurance Company
>   $5,000,000 per occurrence/aggregate, where applicable
>
>   Axis Surplus Insurance Company
>   $5,000,000 per occurrence/$10,000,000 annual aggregate
>
>   Ironshore Europe Limited
>   $5,000,000 per occurrence/$10,000,000 annual aggregate
>
>   Star Indemnity and Liability Company
>   $10,000,000 per occurrence/aggregate, where applicable
>
>   Westchester Surplus Lines Insurance Company
>   $15,000,000 per occurrence/aggregate, where applicable
>
>   Argo Re Limited and Ironshore Europe Limited (quote share)
>   $15,000,000 per occurrence/aggregate
>
>   First Specialty Insurance Company
>   $5,000,000 per occurrence/annual aggregate

Dated: December 13, 2013

Respectfully submitted,

_____
Marion Moore
Assistant Corporation Counsel
City of Chicago Department of Law
30 N. LaSalle, Suite 900
Chicago, IL 60602
(312) 744-1056

Attorney for City of Chicago

Respectfully submitted,

_____
Jill K. Russell
Assistant Corporation Counsel
City of Chicago Department of Law
30 N. LaSalle, Suite 900
Chicago, IL 60602
(312) 742-7030

Attorney for Officers Toth and Fry

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of December 2013, I caused a copy of the foregoing **Defendants' Rule 26(a)(1) Disclosures** to be served by United States mail, postage prepaid, upon the following:

| | | |
|---|---|---|
| Brian W. Coffman | Mark F. Smolens | Richard R. Mottweiler |
| Coffman Law Officers | Law Officer of Mark F. Smolens | Nicole Barkowski |
| 2615 N. Sheffield | 1627 Colonial Parkway | Mottweiler & Associates |
| Suite #1 | Inverness, IL 60067 | 1627 Colonial Parkway |
| Chicago, IL 60614 | | Inverness, IL 60067 |

_____