# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LINDA CHATMAN, as Special | ) | |
| Administrator of the Estate of | ) | |
| CEDRICK CHATMAN, deceased, | ) | |
| | ) | Case No. 13 CV 5697 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | The Hon. Robert W. Gettleman |
| | ) | |
| KEVIN FRY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION *IN LIMINE* NO. 1 TO BAR ANY MENTION THAT CHATMAN WAS NOT IN POSSESSION OF A GUN WHEN HE WAS SHOT

Defendant, Kevin Fry, by and through his undersigned attorneys, hereby moves this Court *in limine* to bar any mention that Cedrick Chatman was not in possession of a gun at the time he was shot. In support of this motion, Defendant states as follows:

There is no dispute that Cedrick Chatman was unarmed when Kevin Fry shot him. But that fact is irrelevant to the issue in this case and what the jury must decide. Dating back to *Graham v. Conner*, 390 U.S. 386, 394 (1989), the Supreme Court teaches that deadly force decisions are to be judged objectively based on the observations of the officer on the scene, without the benefit of the proverbial 20/20 hindsight. Under this well settled law, references to facts learned later, namely that Chatman was not in possession of a handgun when he was shot, are irrelevant.

The seminal case on this point is the Seventh Circuit's *en banc* decision in *Sherrod v. Berry*, 856 F.2d 802, 803-805 (7th Cir. 1988), wherein the Court laid out the rule:

> Knowledge of facts and circumstances gained after the fact (that the suspect was unarmed) has no place in the trial court's or jury's proper post-hoc analysis of the reasonableness of the actor's judgment. Were the rule

otherwise, as the trial court ruled in this instance, the jury would possess more information than the officer possessed when he made the crucial decision. Thus, we are convinced that the objective reasonableness standard articulated in *Lester* requires that Officer Berry's liability be determined exclusively upon an examination and weighing of the information Officer Berry possessed immediately prior to and at the very moment he fired the fatal shot. The reception of evidence or any information beyond that which Officer Berry had and reasonably believed at the time he fired his revolver is improper, irrelevant and prejudicial to the determination of whether Officer Berry acted reasonably "under the circumstances."

*Sherrod*, 856 F.2d at 805.

The Seventh Circuit held it was an abuse of discretion to allow in the fact that the suspect was unarmed when the police shot him: "reject[ing] the district court's assertion that fairness requires that the jury be presented with facts unknown and unavailable to Officer Berry at the time of the shooting (that Sherrod was unarmed)." Id. at 806. The court explained that "justice requires that the jury analyze and weigh the reasonableness of Officer Berry's conduct just as he was compelled to do in a split second…without the knowledge that Sherrod was unarmed." *Id.* As such, under this established law, here, plaintiff should be barred from presenting any evidence or arguing that Chatman was unarmed.

As Defendant Fry has testified, he saw a black object in Chatman's hand that he believed was a gun and fired at Chatman. It later turned out that the object in Chatman's hand was an iPhone box. According to the uncontradicted expert report of Emanuel Kapelsohn, the iPhone box measured 5.6" x 3.1" x 1.5" and was roughly the same dimensions as numerous different handguns. Under *Sherrod*, the fact that the object in Chatman's hand ultimately turned out to be something other than a gun is irrelevant to the analysis of whether Fry's actions were reasonable. Therefore, the fact that the object in Chatman's hand turned out to be something other than a weapon should be excluded. *Taylor v. City of Chicago,* No. 01C 2057, 2003 WL 22282386 (N.D. Ill. Sept. 30, 2003)("It is not necessary that the danger which gave rise to the belief actually

existed; it is sufficient that the person resorting to self-defense at the time involved reasonably believed in such a danger."); *Roos v. Patterson*, No. 10-4073, 2013 WL 3899966, at *10 (C.D. Ill. July 29, 2013)(same); *Viera v. City of El Monte*, No. CV 04-06082 MMM, 2006 WL 6626761, at *5 (C.D. Cal. May 2, 2006), *aff'd in part*, 267 F. App'x 568 (9th Cir. 2008)("Based on *Sherrod* and the above-cited authorities, the court concludes that the fact Viera was unarmed is not relevant in assessing whether Lt. Hernandez reasonably used deadly force.").

WHEREFORE, Defendant Kevin Fry respectfully requests an order from this Court barring the plaintiff from arguing or presenting any evidence indicating that Cedrick Chatman was not in possession of a gun when he was shot.

Respectfully Submitted,


/s/ Avi T. Kamionski
Avi T. Kamionski


Andrew M. Hale
Avi T. Kamionski
Shneur Z. Nathan
HALE LAW LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
(312) 341-9646

**CERTIFICATE OF SERVICE**

I, Avi T. Kamionski, an attorney, hereby certify that I filed the attached document with the Court's CM/ECF system on the date stamped on the above margin, which sent electronic copies of the same to all counsel of record.

/s/ Avi T. Kamionski
Avi T. Kamionski

| | | |
|---|---|---|
| LINDA CHATMAN, as Special | ) | |
| Administrator of the Estate of | ) | |
| CEDRICK CHATMAN, deceased, | ) | |
| | ) | Case No. 13 CV 5697 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | The Hon. Robert W. Gettleman |
| | ) | |
| KEVIN FRY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION *IN LIMINE* NO. 2 TO BAR REFERENCE TO OTHER LAWSUITS, CLAIMED INCIDENTS OR DISCIPLINARY HISTORY**

Defendant, Kevin Fry, by and through his undersigned attorneys, hereby moves this Court *in limine* to bar any reference to other lawsuits, claimed incidents or disciplinary history. In support of this motion, Defendant states as follows:

**INTRODUCTION**

In this case, the jury must only decide whether Officer Fry shot Cedrick Chatman without any justification. Other claimed incidents of misconduct have no probative value to the trial issues.[1] Fed.R.Evid. 401, 402. Thus, evidence of Officer Fry's other instances of alleged misconduct—whether in the form of civilian complaints, lawsuits or discipline—is not pertinent to any of the claims in this case. In addition, any arguable relevance is substantially outweighed by the danger of unfair prejudice. If such evidence were admitted, it would constitute impermissible propensity evidence and imply that Officer Fry should be held liable in this case merely because he has been accused of misconduct on other occasions. An additional problem

---

[1] Plaintiff's Monell claim was dismissed and her willful and wanton supervision claim was severed after the City filed its motion for summary judgment on that claim.

with the other act evidence is that it would needlessly prolong the case and require minitrials as Officer Fry would need to disprove each of the other allegations.

## ARGUMENT

The threshold issue before evidence can be permitted under Fed. R. Evid. 404(b) is whether the evidence is probative of a material issue other than character. The party seeking such admission must satisfy the following: (1) the proposed evidence must be directed toward establishing a matter in issue other than propensity; (2) the evidence must be similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence must be sufficient to support a jury finding that the defendant actually committed the similar act; and(4) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice. *U.S. v. Zapata*, 871 F.2d 616, 620 (7th Cir. 1989).

However, even if a party seeking admission succeeds in meeting this test, Federal Rule of Evidence 403 may still demand its exclusion, if the probative value is substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed.R.Evid. 403.

It is the burden of the party seeking to offer the evidence to make an affirmative showing of how the evidence is anything other than propensity evidence. Such specific showing is necessary, for "in the absence of any such showing, plaintiff's 'motive' argument, standing alone, would swallow the rule and provide an end-run around the four-part analysis under rule 404(b)." *Delgado v. Mak*, No. 06 C 3757, 2008 WL 4367458 at *5 (Dow, J.)(N.D.Ill. 2008); see also *Chavez v. City of Albuquerque*, 402 F.3d 1039 (10th Cir. 2005)(in case concerning police officer defendant's use of canine, arguments that prior incidents of dog bites were relevant to show motive or modus operandi were not persuasive; there was no claim that the officer

accidentally or mistakenly used a police dog, and proof of modus operandi is only relevant "where there is an issue regarding the defendant's identity.") (citations omitted)

Further, mere similarity between allegations in the instant case and any allegations in the CR's and/or lawsuits is not enough to overcome the elements set forth under Rule 404(b). In *Shea v. Galaxie Lumber & Const. Co., Ltd.*, No. 94 C 906, 1996 WL 111890 (N.D.Ill.1996)(Leinenweber, J.), the court barred evidence of defendants' prior lawsuits where they defended against allegations of sexual harassment, despite that the lawsuit at issue also concerned sexual harassment. The court, under Rule 404(b) and Rule 403, refused to admit the evidence, stating that to do so would be "[h]ighly prejudicial to the defendant. A charge of sex harassment is easy to make and difficult to defend. If the Plaintiffs are allowed to introduce evidence of prior acts of sex harassment then Defendant will have to defend against them. Thus the court and jury will have to hear two other cases of sex harassment in addition to the ones brought by the Plaintiffs. It would needlessly prolong the case….and amount to a waste of time."; *see also Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771, 776 (7th Cir. 2001)(Seventh Circuit affirmed decision by district court to bar admission of plaintiff's past lawsuits regardless of the argument that it went to plaintiff's methods or modus operandi, as any relevance was outweighed by the prejudice the evidence would cause the plaintiff."); *Zaken v. Kelly*, 370 Fed.Appx. 982, 2010 WL 1253056 (11th Cir.2010)(affirmed decision of district court to bar evidence of defendant's past use of force against others as plaintiff failed to show how the prior acts would be relevant other than to show defendant's bad character or propensity).

The same dangers considered by the various courts above are applicable here. Any probative value of civilian complaints, lawsuits or discipline is substantially outweighed by the danger of unfair prejudice and confusion under Fed.R.Evid. 403; see *Mendez v. Kreissler,* No. 09 C 2276, 2011 WL 5869788, at *3 (McCuskey, J.)(C.D.Ill.2011)(ruling that prior lawsuits and

citizen complaints filed against defendant failed to satisfy the standard set forth by the Seventh Circuit under Rule 404(b) and that notwithstanding the satisfying of such standard, the danger of unfair prejudice outweighed any probative value).

In addition to being outweighed by the danger of unfair prejudice, admitting evidence of civilian complaints, lawsuits or discipline would serve to confuse and mislead the jury, creating mini trials concerning the complaints, allegations, witnesses, credibility, findings, reliability and circumstances concerning these other incidents. This would result in a distracting, time-consuming process whose end result may serve only to confuse the jury and unfairly prejudice the defendants. Seventh Circuit case law supports excluding such evidence from introduction at trial due to the danger of unfair prejudice.

In *Estate of Keys v. City of Harvey*, No. 92 C 2177, 1996 WL 34422 (N.D.Ill.1996)(Nordberg, J.), the City of Harvey moved to bar evidence of other acts, including disciplinary records and personnel files. The court held that such evidence was nothing more than prior bad acts, used in an attempt to prove actions in conformity. *Id.* The court rejected the arguments that the evidence met a 404 exception, or was evidence of habit. In addition to finding such evidence clearly impermissible under 404, the court also found that the evidence would have also been excluded as unfairly prejudicial under Rule 403. *Id.* at *2; *see Moore v. City of Chicago*, No. 02 C 5130, 2008 WL 4549137 at 5 (N.D.Ill.2008)(Moran, J.)(unrelated internal complaints were inadmissible character evidence); *Heflin v. City of Chicago*, No. 95 C 1900, 1996 WL 28238 (N.D.Ill.1996)(Conlon, J.)(unrelated complaints against police barred under 401, 403); *Jones v. Hamelman*, 869 F.2d 1023, 1027 (7th Cir. 1989) (Seventh Circuit held in §1983 action against correction officers that evidence of prior bad acts were not probative of officers modus operandi, impermissible under 404(b), and notwithstanding any probative value, the evidence was still unfairly prejudicial); *Aguilar v. Dixon*, No. 93 C 1936, 1995 WL 319621

(N.D.Ill.1995); *see also Akbar v City of Chicago*, 06 C 3685, 2009 WL 3335364 (N.D.Ill. Oct. 14, 2009)(holding complaint registers against Chicago Police officers inadmissible); *Gadison v. McGuire*, 09 C 0001, 2010 WL 346143 (N.D.Ill. Jan. 22, 2010)(granting defendants' motion *in limine* regarding prior complaints against officers); *Falk v. Clarke*, No. 88 C 7293, 1990 WL 43581 (N.D.Ill. Apr. 3, 1990)(barring use of prior allegation against officer because it was propensity evidence and would incur undue prejudice); *see also Gonzalez v. City of Elgin*, 2010 WL 3271272 (N.D.Ill. 2010)(St. Eve, J.)(prior lawsuits against officers barred). Unrelated past discipline cannot be used "to prove the character of a person in order to show action in conformity therewith," and tangentially related investigations and lawsuits do not fall into any exception under Federal Rules of Evidence 404(b).

Plaintiff cannot satisfy the requirements set forth above, nor can Plaintiff make an affirmative showing that Officer Fry's past civilian complaints are probative for a reason other than to merely show acting in conformity therewith. Moreover, any marginal probative value this other act evidence has is substantially outweighed by the danger of unfair prejudice. Thus, Officer Fry's motion *in limine* should be granted. Fed.R. Evid. 403.

WHEREFORE, Defendant Kevin Fry respectfully requests this Court to enter an order barring references, inferences, questioning, whether orally or through a document, at any time during these proceedings, concerning any other claimed incidents of misconduct, lawsuits, or discipline.

Respectfully Submitted,

Andrew M. Hale                         /s/ Avi T. Kamionski
Avi T. Kamionski                       Avi T. Kamionski
Shneur Z. Nathan
HALE LAW LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
(312) 341-9646

**CERTIFICATE OF SERVICE**

I, Avi T. Kamionski, an attorney, hereby certify that I filed the attached document with the Court's CM/ECF system on the date stamped on the above margin, which sent electronic copies of the same to all counsel of record.

/s/ Avi T. Kamionski
Avi T. Kamionski

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LINDA CHATMAN, as Special | ) | |
| Administrator of the Estate of | ) | |
| CEDRICK CHATMAN, deceased, | ) | |
| | ) | Case No. 13 CV 5697 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | The Hon. Robert W. Gettleman |
| | ) | |
| KEVIN FRY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION *IN LIMINE* NO. 3 TO BAR ANY MENTION OR REFERENCE TO ANY OTHER INCIDENT OF POLICE MISCONDUCT

Defendant, Kevin Fry, by and through his undersigned attorneys, hereby moves this Court *in limine* to bar any reference to other incidents of police misconduct, namely those that have been publicized in the media. In support of this motion, Defendant states as follows:

In recent years, allegations of misconduct by members of the Chicago Police Department have received, and at times even dominated, media coverage in the city's major newspapers, local news broadcasts, and on the internet. These allegations most recently include the Laquan McDonald shooting which has dominated national news stories. In addition, there are have been incidents across the country of videos of various police shootings. Officer Fry has absolutely nothing to do with these publicized incidents and they have no probative value to the issues in this case. Therefore, reference to these, or any other generalized allegations of misconduct by members of the Chicago Police Department, should be barred. Fed. R. Evid. 401, 402, & 403.

This motion is of critical importance to ensure the Officer Fry receives a fair trial. Officer Fry should not be forced to defend the conduct of others in this Court. Officer Fry has absolutely nothing to do with any of these publicized incidents and there are absolutely no allegations of

any such misconduct in this case. As such, any testimony, evidence, argument or comments regarding these publicized events should be barred. References to other allegations of police misconduct during this trial can only serve to inflame the jury against the Chicago Police, in general, and against Officer Fry in this particular case. Comments and implied references that have this affect lack any probative value and are irrelevant to the issues presented. Therefore, any argument, evidence, or testimony regarding any other allegations of police misconduct should be barred. Even the slightest reference to any other publicized cases of police shootings will no doubt cause irreparable prejudice to Officer Fry.

WHEREFORE, Defendant Kevin Fry respectfully requests this Court to enter an order barring references, inferences, questioning, whether orally or through a document, at any time during these proceedings, concerning any other general allegations of police misconduct.

Respectfully Submitted,


/s/ Avi T. Kamionski
Avi T. Kamionski




Andrew M. Hale
Avi T. Kamionski
Shneur Z. Nathan
HALE LAW LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
(312) 341-9646

**CERTIFICATE OF SERVICE**

I, Avi T. Kamionski, an attorney, hereby certify that I filed the attached document with the Court's CM/ECF system on the date stamped on the above margin, which sent electronic copies of the same to all counsel of record.


/s/ Avi T. Kamionski
Avi T. Kamionski

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LINDA CHATMAN, as Special | ) | |
| Administrator of the Estate of | ) | |
| CEDRICK CHATMAN, deceased, | ) | |
| | ) | Case No. 13 CV 5697 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | The Hon. Robert W. Gettleman |
| | ) | |
| KEVIN FRY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION *IN LIMINE* NO. 4 TO BAR**
**ANY REFERENCE TO ANY MOTION PRACTICE RELATED**
**TO THE DISCLOSURE OF THE VIDEOS OF THE SHOOTING**

Defendant, Kevin Fry, by and through his undersigned attorneys, hereby moves this Court *in limine* to bar any reference to the pre-trial motion practice related to the disclosure of the videos of the subject shooting. In support thereof, Defendant states as follows:

Prior pleadings in this case have dealt with the issue of the disclosure of the video of the shooting to the public. Irrespective of when the video was disclosed or the various positions taken by the City, the plaintiff or anyone else, this issue has nothing to do with whether Officer Fry acted reasonably when he shot Cedrick Chatman. FRE 401, 402. Furthermore, admitting this evidence will create a minitrial on analyzing the City's' position during the course of discovery related to disclosure of materials to the public. Moreover, this issue will only serve to prejudice Officer Fry, who had nothing to do with when or how the City determined it would permit public dissemination of the videos. FRE. 403.

WHEREFORE, Defendant Kevin Fry respectfully requests this Court to enter an order barring references, inferences, questioning, whether orally or through a document, at any time during these proceedings, concerning pre-trial motion practice related to the disclosure of the videos of the subject shooting.

Respectfully Submitted,


/s/ Avi T. Kamionski
Avi T. Kamionski

Andrew M. Hale
Avi T. Kamionski
Shneur Z. Nathan
HALE LAW LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
(312) 341-9646

**CERTIFICATE OF SERVICE**

I, Avi T. Kamionski, an attorney, hereby certify that I filed the attached document with the Court's CM/ECF system on the date stamped on the above margin, which sent electronic copies of the same to all counsel of record.

/s/ Avi T. Kamionski
Avi T. Kamionski

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LINDA CHATMAN, as Special )
Administrator of the Estate of )
CEDRICK CHATMAN, deceased, )
                                   )      Case No. 13 CV 5697
                 Plaintiff, )
                                   )
        v. )     The Hon. Robert W. Gettleman
                                   )
KEVIN FRY, )
                                   )
                Defendant. )

## DEFENDANT'S MOTION *IN LIMINE* NO. 5
## TO BAR UNDISCLOSED WITNESSES

       Defendant, Kevin Fry, by and through his undersigned attorneys, hereby moves this Court *in limine* to bar the testimony of any undisclosed witnesses pursuant to Rule 26. In support of this motion, Defendant states as follows:

       The purpose of Rule 26(a)(1) is not only to avoid surprise but also to allow parties to prepare their trial strategy. *See, e.g., Meridian Fin. Advisers, Ltd., v. Pence*, 2010 WL 2772840, at *8 (S.D. Ind. Jul. 12, 2010). When a party fails to comply with Rule 26, the sanction of exclusion is automatic and mandatory, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37 (c)(1); *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). It is Plaintiff's burden to properly disclose his witnesses and to seasonably supplement that identifying information when he receives it. See Fed. R. Civ. P. 26(e) & 37(a)(4).

       Plaintiff has indicated that he may call the following witnesses at trial:

- Wayne Gulliford
- Patrick Hackett
- Jonathan Reckard
- Rosie Inwang
- Randall Boykin

- Mitchell Coleman
- Pat Camden

Plaintiff did not disclose any of the above witnesses on his Rule 26 disclosures. Therefore, these witnesses should be barred.

WHEREFORE, Defendant Kevin Fry respectfully requests this Court enter an order barring the plaintiff from calling any of these non-disclosed witnesses.

Respectfully Submitted,


/s/ Avi T. Kamionski
Avi T. Kamionski

Andrew M. Hale
Avi T. Kamionski
Shneur Z. Nathan
HALE LAW LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
(312) 341-9646

**CERTIFICATE OF SERVICE**

I, Avi T. Kamionski, an attorney, hereby certify that I filed the attached document with the Court's CM/ECF system on the date stamped on the above margin, which sent electronic copies of the same to all counsel of record.

/s/ Avi T. Kamionski
Avi T. Kamionski

| | | |
|---|---|---|
| LINDA CHATMAN, as Special | ) | |
| Administrator of the Estate of | ) | |
| CEDRICK CHATMAN, deceased, | ) | |
| | ) | Case No. 13 CV 5697 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | The Hon. Robert W. Gettleman |
| | ) | |
| KEVIN FRY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION *IN LIMINE* NO. 6 TO BAR**
**ANY EVIDENCE SUGGESTING THAT THE POLICE DID AN**
**IMPROPER INVESTIGATION OF THE SHOOTING INCIDENT**

Defendant, Kevin Fry, by and through his undersigned attorneys, hereby moves this Court *in limine* to bar any reference or suggestion that the police did an improper investigation in this case. In support thereof, Defendant states as follows:

**Introduction**

On March 29, 2016, the Court severed plaintiff's *Monell* claim against the City of Chicago and set a trial only for the conduct alleged against Officer Fry. Plaintiff has identified several Chicago police detectives and forensic investigators he seeks to call at trial. In addition, plaintiff seeks to offer several investigatory reports and an IPRA report into evidence. This suggests that plaintiff is advancing a claim against Defendant Fry premised upon the type or quality of the police investigation of the shooting incident that resulted in the decedent's death. However, the investigation into the use of deadly force against Cedrick Chatman was not conducted or controlled by Defendant Fry. Defendant Fry was, in fact, the individual being investigated by the Chicago Police Department and the Independent Police Review Authority.

Furthermore, there is no constitutional right to a police investigation under federal law, and state law immunizes Fry for the acts or omissions of other persons. Therefore, any evidence or argument relating to the conduct, quality or the alleged inadequacy of the police investigation should be barred.

## Argument

Officer Fry cannot be held liable for the quality of the investigation in this case. Liability under 42 U.S.C. §1983 is predicated upon personal responsibility. *Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996); *Schultz v. Baumgart*, 738 F.2d 231, 238 (7Cir. 1984). The Seventh Circuit has firmly established that in order for liability to attach in a civil rights action, the plaintiff must prove that the defendant personally participated in or caused the constitutional deprivation. *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003); *Starzenski*, 87 F.3d at 879; *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981). Defendant Fry was not personally responsible for investigating the shooting incident involving plaintiff's decedent. Thus, Officer Kevin Fry – in this case - cannot be held liable for what other officers or other City employees did or did not do.

The same is true under Illinois law. The Local Governmental and Governmental Employees Tort Immunity Act specifically immunizes public employees for injuries caused by the acts or omissions of other persons, 745 ILCS 10/2-204 (2004). Simply stated, Officer Fry cannot be held liable for an investigation he did not conduct and did not control.

In this case, the central issue for the jury to determine will be whether the Fry's use of deadly force was reasonable under the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Tennessee v. Garner*, 471 U.S. 1, 8-9, 11-12 (1985); Scott v. Edinburg, 346 F.3d 752, 755-56 (7th Cir. 2003); *Sherrod v. Berry*, 856 F.2d 802 (7th Cir. 1988) (en banc).

The same analysis applies to the jury' determination of plaintiff's wrongful death claim under Illinois law. See *Muhammed v. City of Chicago*, 316 F.3d 680, 683 (7th Cir. 2002). The Supreme Court has thus made it clear that the officer's use of force, deadly or otherwise, must be evaluated from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *Graham*, 490 U.S. at 396. Thus, whether there was an adequate police investigation after the fact, is irrelevant and has no bearing on this analysis. Fed.R. Evid. 401, 402.

Furthermore, the Seventh Circuit has not recognized an allegation of "inadequate police investigatory work" as a civil rights claim in the absence of another recognized constitutional right. *Jacobson v. National Railroad Passenger Corp.*, 1999 WL 1101299 at *10 (N.D. Ill., Nov. 29, 1999); *see also Gomez v. Whitney*, 757 F.2d 1005, 1006 (7th Cir. 1985); *David v. the Village of Oak Lawn*, 954 F.Supp. 1241, 1245-46 (N.D.Ill. 1996)(holding that plaintiff did not have a constitutional right to have his complaints investigated); *Washington v. Godinez*, 1996 WL 599055 at *3 (N.D.Ill. Oct. 17, 1996).

In *Gomez*, the plaintiff attempted to persuade police to investigate the death of his son for two years. 757 F.2d at 1006. The appellate court affirmed the lower court's entry of summary judgment against plaintiff, holding that there is no right to have a full and fair police investigation. *Id.* Police officers are not constitutionally mandated to conduct an investigation. *Slagel v. Shell Oil Refinery*, 811 F.Supp. 3778, 382 (C.D.Ill. 1993)(holding that police officer has no federal, constitutional mandate to conduct an investigation into plaintiff's assault charge).

Additionally, there is no constitutional obligation for police to pursue scientific tests or similar investigative leads. See, *Arizona v. Youngblood*, 488 U.S. 51, 58-59 (1988). Hence,

plaintiff does not have an express constitutional right to an investigation into her allegations against the defendant officers, let alone a full, fair or error free investigation.

The "public duty rule" under state law also precludes plaintiff from making a claim of an inadequate investigation. This rule provides that a municipality's duty is to the public at large, rather than to specific members of the community. See *Zimmerman v. Village of Skokie*, 183 Ill.2d 30, 44 (1998). There is also a corresponding immunity under the Local Governmental and Governmental Employees Tort Immunity Act that immunizes local public entities and public employees for the failure to provide adequate police protection or services. 745 ILCS 10/4-102 (2004). Additionally, the issues to be determined by the jury on the state law Survival Act and Wrongful Death Act claims is whether the defendant officer committed a battery against Chatman and whether the alleged wrongful acts caused his death. As noted above, the analysis for the state wrongful death claim is the same as the federal excessive force claim. *Muhammed*, supra. Like the federal claim, whether there was an adequate investigation after the fact of the officers' use of force is irrelevant. Fed.R.Evid. 401, 402. Calling into question the Chicago Police Department's and IPRA's investigation after the shooting will only serve to prejudice Officer Fry by forcing him to defend the acts and/or omissions of others over whom they had no control.

Also it will not assist the jury in deciding whether Officer Fry's conduct was reasonable under the totality of the circumstances, *Graham*, 490 U.S. at 396, and will therefore confuse an mislead the jury from the core issue they must evaluate. Thus, in addition to not having any basis as a viable claim under the law, any probative value the evidence of the inadequacy of the investigation after the shooting may have is substantially outweighed by the danger of unfair

prejudice, confusion of the issues, and misleading the jury, and should therefore be barred under Fed.R.Evid. 403.

Because there is no federal constitutional right or state law right to an investigation, and because Officer Fry had no control over the investigation, plaintiff should be precluded from presenting any evidence or argument concerning the investigation into Officer Fry's conduct that day. Such evidence or argument is irrelevant, and any probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

Similarly, Lorenzo Davis serves no purpose at this trial. As explained above, the details and adequacy of the IPRA investigation are irrelevant and should be in admissible. Moreover, it would be improper to allow Mr. Davis to opine about his personal take on the results of his investigation as it invades the purview of the jury in this case. The jury must decide whether Officer Fry's actions were reasonable and Mr. Davis should be barred from offering any commentary or opinion on this ultimate issue of fact,

WHEREFORE, Defendant Kevin Fry respectfully requests this Court to enter an order barring any reference to or arguing to the jury the scope, quality or alleged inadequacies and irregularities of the Chicago Police Department's and IPRA's investigation into the shooting death of Cedrick Chatman.

Respectfully Submitted,

/s/ Avi T. Kamionski
Avi T. Kamionski

Andrew M. Hale
Avi T. Kamionski
Shneur Z. Nathan
HALE LAW LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
(312) 341-9646

**CERTIFICATE OF SERVICE**

I, Avi T. Kamionski, an attorney, hereby certify that I filed the attached document with the Court's CM/ECF system on the date stamped on the above margin, which sent electronic copies of the same to all counsel of record.

/s/ Avi T. Kamionski_____
Avi T. Kamionski

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA CHATMAN, as Special | ) | |
| Administrator of the Estate of | ) | |
| CEDRICK CHATMAN, deceased, | ) | |
| | ) | Case No. 13 CV 5697 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | The Hon. Robert W. Gettleman |
| | ) | |
| KEVIN FRY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION *IN LIMINE* NO. 7 TO BAR
ANY EVIDENCE RELATING TO A *MONELL* OR A
WILLFUL AND WANTON SUPERVISON CLAIM**

Defendant, Kevin Fry, by and through his undersigned attorneys, hereby moves this Court *in limine* to bar any reference or mention of plaintiff's *Monell* or Willful and Wanton Supervision claim against the City of Chicago. In support thereof, Defendant states as follows:

On March 29, 2016, this Court severed the City from the trial in this case. The claims against the City alleged, among other things, that Officer Fry's actions against decedent Cedrick Chatman were undertaken pursuant to a policy and practice of the City of Chicago. Accordingly, plaintiff should be barred from eliciting testimony, introducing evidence, or making argument regarding these allegations against the City. This would also include any mention of the report issued by the Chicago police task force that has been published in the media, the justice department's investigation of the Chicago police department or any official or unofficial comments or statements related to the aftermath of the LaQuan McDonald incident. Such information is irrelevant to the issues in this case, and any probative value is substantially out

weighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. FRE. 401, 402 and 403.

Furthermore, this is another reason that plaintiff should be barred from calling Lorenzo Davis as witness. Mr. Davis offers no relevant information on the issue of whether Officer Fry acted reasonably when he shot Cedrick Chatman. Fed.R.Evid. 401, 402, 403.

WHEREFORE, Defendant Kevin Fry respectfully requests this Court to enter an order barring references, inferences, questioning, whether orally or through a document, at any time during these proceedings, concerning plaintiffs' dismissed *Monell* claim or a willful and wanton supervision claim.

Respectfully Submitted,


/s/ Avi T. Kamionski
Avi T. Kamionski


Andrew M. Hale
Avi T. Kamionski
Shneur Z. Nathan
HALE LAW LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
(312) 341-9646

**CERTIFICATE OF SERVICE**

I, Avi T. Kamionski, an attorney, hereby certify that I filed the attached document with the Court's CM/ECF system on the date stamped on the above margin, which sent electronic copies of the same to all counsel of record.

/s/ Avi T. Kamionski
Avi T. Kamionski

| | | |
|---|---|---|
| LINDA CHATMAN, as Special | ) | |
| Administrator of the Estate of | ) | |
| CEDRICK CHATMAN, deceased, | ) | |
| | ) | Case No. 13 CV 5697 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | The Hon. Robert W. Gettleman |
| | ) | |
| KEVIN FRY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION *IN LIMINE* NO. 8
## TO BAR EVIDENCE OF INDEMNIFICATION

Defendant, Kevin Fry, by and through his undersigned attorneys, hereby moves this Court *in limine* to bar any reference or suggestion that Officer Fry will be indemnified by the City of Chicago. In support thereof, Defendant states as follows:

Plaintiff should not be permitted to argue or introduce evidence that Officer Fry may be indemnified by his employer, the City of Chicago, for any portion of a judgment that may be entered against him. Whether or not the City provides indemnity is irrelevant to the issue of whether Officer Fry is liable for any acts he may have performed which proximately caused injury to the plaintiff. Moreover, Officer Fry contends that allowing plaintiff to make such references would be highly prejudicial, i.e., the jury may feel that even if there was no liability, the plaintiff should be compensated for his time and efforts in bringing the lawsuit, particularly in view of the fact that the City has the "deep pocket." Reference to indemnity is akin to reference to insurance which is precluded by Fed. R. Evid. 411. W*alker v. Saenz*, 1992 WL 317188, *3 (N.D.Ill. Oct. 27, 1992); *Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994) (holding that instructions to jury on indemnification in § 1983 action required new trial); *Green*

*v. Baron*, 879 F.2d 305, 310 (8th Cir. 1989) (stating that instructions concerning indemnification are extremely prejudicial); *Griffin v. Hillke*, 804 F.2d 1052, 1057 (8th Cir. 1986)(declaring indemnification instructions to constitute reversible error). Accordingly, plaintiff should be precluded from adducing or implying that Defendant Fry may be indemnified or reimbursed by the City.

WHEREFORE, Defendant Kevin Fry respectfully requests this Court to enter an order barring references, inferences, questioning, whether orally or through a document, at any time during these proceedings, concerning the issue of indemnification.

Respectfully Submitted,


/s/ Avi T. Kamionski
Avi T. Kamionski


Andrew M. Hale
Avi T. Kamionski
Shneur Z. Nathan
HALE LAW LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
(312) 341-9646

**CERTIFICATE OF SERVICE**

I, Avi T. Kamionski, an attorney, hereby certify that I filed the attached document with the Court's CM/ECF system on the date stamped on the above margin, which sent electronic copies of the same to all counsel of record.

/s/ Avi T. Kamionski_____
Avi T. Kamionski

| | | |
|---|---|---|
| LINDA CHATMAN, as Special | ) | |
| Administrator of the Estate of | ) | |
| CEDRICK CHATMAN, deceased, | ) | |
| | ) | Case No. 13 CV 5697 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | The Hon. Robert W. Gettleman |
| | ) | |
| KEVIN FRY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION *IN LIMINE* NO. 9
TO BAR EVIDENCE OF PLAINTIFF'S OWN
EMOTIONAL DAMAGES OR INDEPENDENT RELIEF**

Defendant, Kevin Fry, by and through his undersigned attorneys, hereby moves this Court *in limine* to bar any testimony, evidence, arguments or comments that plaintiff has her own independent claims for relief or damages in this matter. In support thereof, Defendant states as follows:

Plaintiff Linda Chatman brings this action in a representative capacity as administrator of the estate of decedent Cedrick Chatman. With respect to the federal excessive force claim, plaintiff, as the parent of the decedent, has no constitutional right to recover for the loss of society and companionship of her deceased son. *Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005), overruling *Bell v. City of Milwaukee*, 746 F.2d 1205 (7 Cir. 1984). Thus, plaintiff herself has no independent claims; the claims are brought on behalf of the estate. Likewise, the state law claim under the Illinois Wrongful Death Act, 740 ILCS 180/1-2, is for the benefit of the next of kin. Actions for wrongful death must be brought by the representative of the decedent's estate. *Pasquale v. Speed Products Engineering*, 166 Ill.2d 337, 654 N.E.2d 1365, 1378 (1995).

Therefore, any evidence or argument that plaintiff herself has an independent right of recovery is contrary to law and should be barred. Moreover, such evidence or argument is irrelevant, and any probative value is may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. Fed.R.Evid. 401, 402 and 403.

WHEREFORE, Defendant Kevin Fry respectfully requests this Court to enter an order barring any testimony, evidence, arguments or comments that plaintiff has her own independent claims for relief or damages in this matter.

Respectfully Submitted,


/s/ Avi T. Kamionski
Avi T. Kamionski

Andrew M. Hale
Avi T. Kamionski
Shneur Z. Nathan
HALE LAW LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
(312) 341-9646

**CERTIFICATE OF SERVICE**

I, Avi T. Kamionski, an attorney, hereby certify that I filed the attached document with the Court's CM/ECF system on the date stamped on the above margin, which sent electronic copies of the same to all counsel of record.


/s/ Avi T. Kamionski
Avi T. Kamionski

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LINDA CHATMAN, as Special | ) | |
| Administrator of the Estate of | ) | |
| CEDRICK CHATMAN, deceased, | ) | |
| | ) | Case No. 13 CV 5697 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | The Hon. Robert W. Gettleman |
| | ) | |
| KEVIN FRY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION *IN LIMINE* NO. 10 TO BAR ANY ARGUMENT THAT THE POLICE HAVE A CODE OF SILENCE

Defendant, Kevin Fry, by and through his undersigned attorneys, hereby moves this Court *in limine* to bar any argument that the police have a code of silence, generally cover-up misconduct, have a "blue wall of silence" or conspire to protect other officers. In support thereof, Defendant states as follows:

Defendant Fry seeks to bar generalized notions that police officers in general lie, conspire, cover-up, or otherwise promote a code of silence to protect other officers. This Court should exclude such general evidence and argument because it is not relevant to any jury determination, including credibility of the police officers. Such evidence would also be extremely prejudicial to Defendant Fry.

First, generalized statements are merely opinions and are not supported by the evidence. Evidence will be admissible at trial only if it makes the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. At trial, the only relevant inquiry is whether Officer Fry unlawfully shot Cedrick Chatman. Given this narrow question of fact, it is evident that general

allegations of a police "code of silence" or similar assertion has no bearing on the jury's assessment of Officer Fry's conduct in this case.

Moreover, even when evidence is relevant, it should be excluded if its prejudicial effect substantially outweighs its probative value. See Fed R. Evid. 403. By allowing such prejudicial evidence, the jury might improperly infer that Officer Fry acted in conformance with a general, prejudicial, stereotype about the entire Department.

Second, generalized evidence has no specific relation to the defendant in this case, or to any former officer or personnel member. Therefore, such generalized evidence is not relevant to the jury's determination of anyone's credibility. See *Heflin v. City of Chicago*, No. 95 C 1990,1996 WL 28238, at *4 (N.D. Ill. Jan. 22, 1996)(granting unopposed motion to exclude evidence that police officers generally protect or cover-up other officers' misconduct); *Shaw v. City of New York*, No. 95 Civ. 9325, 1997 WL 187352, at *7-8 (S.D.N.Y. Apr. 15, 1997) (excluding evidence of blue "code of silence" by which New York City police officers protect fellow officers and lie if necessary to do so). Moreover, as the court warned in *Shaw*:

> "If [evidence of a police "code of silence"] were held admissible here, it logically would be admissible in every suit, civil or criminal, in which a police officer was alleged to be lying to support the testimony of a fellow police officer. Indeed, it would be admissible in every civil and criminal case in which even a single police officer testified. The Court declines to establish such a precedent."

*Id.*

Lastly, even if general evidence of a police code of silence did have minimal probative value, this Court should exclude such evidence because its prejudicial effect substantially outweighs its probative value. See Fed. R. Evid. 403. Given the lack of connection to the specific issues, generalized evidence as plaintiff seeks to admit has very slim probative value, while the prejudicial impact is very high. *Shaw*, 1997 WL 187352, at *7; and see *Townsend v. Benya*, 287

F.Supp.2d 868, 876-7 (N.D. Ill. 2003)(barring phrases "code of silence", "cover-up" and "conspiracy" as unduly prejudicial). Accordingly, this Court should bar plaintiff from presenting any testimony, evidence or argument that police officers in general lie, conspire, cover-up or otherwise maintain a "code of silence" or "blue wall" to protect their fellow officers.

WHEREFORE, Defendant Kevin Fry respectfully requests this Court to enter an order barring references, inferences, questioning, whether orally or through a document, at any time during these proceedings, concerning the issue of a "code of silence."

Respectfully Submitted,


/s/ Avi T. Kamionski
Avi T. Kamionski

Andrew M. Hale
Avi T. Kamionski
Shneur Z. Nathan
HALE LAW LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
(312) 341-9646

**CERTIFICATE OF SERVICE**

I, Avi T. Kamionski, an attorney, hereby certify that I filed the attached document with the Court's CM/ECF system on the date stamped on the above margin, which sent electronic copies of the same to all counsel of record.


/s/ Avi T. Kamionski
Avi T. Kamionski