IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA CHATMAN, as Special Administrator of the Estate of Cedrick Chatman, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 13 C 5697 |
| v. | ) ) | Judge Robert W. Gettleman |
| THE CITY OF CHICAGO, a municipal corporation, and KEVIN FRY, | ) ) ) | |
| Defendants. | ) | |

**ORDER**

This matter came before the court for a final pretrial conference. For the reasons stated on the record, it is hereby ordered:

I. Plaintiff's Motions in Limine:

     1.     To Bar Reference to Cedrick Chatman's inadmissable juvenile record: granted in part. The decedent's juvenile arrest and conviction record is relevant to the issue of damages. Because this evidence may be unduly prejudicial with respect to liability, the court will depart from its usual practice and bifurcate the trial on liability and damages. The decedent's records will therefore be admitted only in the event the jury finds for plaintiff on the issue of liability.

     2.     To Prohibit Defense Counsel from Appealing to Jurors as Taxpayers: granted by agreement.

     3.     Barring Reference, Testimony, Suggestion that Cedrick Chatman Consumed Drugs or Alcohol in the Past: granted in part. See ruling on Plaintiff's Motion in Limine No. 1.

4.      Barring Attempts to Bolster the Credibility of Defendant or any other Chicago Police Personnel: granted by agreement, on the condition (proposed by defendant) that plaintiff does not seek to introduce evidence of complaints or discipline against him or other police officer witnesses.

5.      To Bar Lottery Argument: granted by agreement.

6.      To Bar Reference to High Crime Neighborhood or Gangs: granted by agreement.

7.      To Bar Mention or Inference that Defendant Will Endure Financial Hardship: granted by agreement.

8.      To Bar Certain Evidence Related to the Dodge Charger: granted by agreement.

9.      To Bar any Reference to the Fact that Cedrick and/or his Family was Previously a Victim of Gun Violence: granted.  The shooting incidents in question are too attenuated and speculative to be relevant.

10.     To Bar Evidence Related to the Details of the Incident at 7602 S. Jeffery: granted in principle.  Defendant may offer evidence only of what he knew at the time he made the decision to shoot the decedent.  The court reserves further ruling on this motion in connection with plaintiff's damage case should the jury find for plaintiff on the issue of liability.

II.  Defendants' Motions in Limine

1.      To Bar any Mention that Chatman was not in Possession of a Gun When He was Shot: denied.  What the decedent had, or didn't have, at the time he was shot is highly relevant to the issues in this case concerning liability.  In addition, the

parties have stipulated in the pretrial order that [n]o weapons were recovered"
from decedent after he was shot.

2.     To Bar Reference to other Lawsuits, Claimed Incidents or Disciplinary History:
granted in principle under Fed. R. Evid. 404(b), unless defendant opens the door
to the admission of certain prior acts in his testimony.

3.     To Bar any Mention or Reference to any other Incident of Police Misconduct:
granted in principle. Reference to other highly publicized incidents of alleged
police misconduct is irrelevant to the issues in this case, unless defendant opens
the door during his case in chief or on adverse examination.

4.     To Bar any Reference to any Motion Practice Related to the Disclosure of the
Videos of the Shooting: granted by agreement.

5.     To Bar Undisclosed Witnesses: granted in principle. Only those witnesses who
have personal knowledge of the matters and facts leading up to and including the
shooting of decedent by defendant, whose names were disclosed in discovery by
either party, may testify in the liability phase of this trial. The court will reserve
ruling with respect to the damages phase should the jury find in favor of plaintiff
on the issue of liability.

6.     To Bar any Evidence Suggesting that the Police did an Improper Investigation of
the Shooting Incident: granted in part and denied in part. Plaintiff may not
introduce evidence of her allegations of an improper investigation by the Chicago
Police Department or IPRA except to impeach the testimony of any of
defendants' witnesses either called by plaintiff as adverse witnesses or by

defendant during his case in chief. This case is not about the adequacy of the post-incident investigation, but only about whether defendant acted reasonably in deciding to shoot the decedent.

7. To Bar any Evidence Relating to a <u>Monell</u> or Willful and Wanton Supervision Claim: granted in principle, unless defendant opens the door to such evidence.

8. To Bar Evidence of Indemnification: granted in principle, unless defendant opens the door by introducing evidence of his financial condition.

9. To Bar Evidence of Plaintiff's Own Emotional Damages or Independent Relief: granted. The court will address this issue at the next pretrial conference.

10. To Bar any Argument that the Police Have a Code of Silence: denied in principle. Plaintiff may examine defense witnesses with respect to their biases or motivation for testifying in favor of police officers. Absent specific evidence of a "code of silence," the court reserves further ruling until trial.

III. Plaintiffs' <u>Daubert</u> motion to bar the testimony of defendants' expert Emanuel Kapelsohn is granted in part and denied in part. Kapelsohn may testify only as to similarity in size and shape of the I Phone box and certain handguns as listed in his report.

IV. In light of these rulings the parties are directed to meet and confer with respect to their lists of witnesses and exhibits.

V. The parties are directed to prepare and file on or before June 1, 2016, (a) an alphabetical lists of witnesses who will testify or whose names will be mentioned at trial, and (b) a new set of jury instructions conforming to the rulings and directions given at today's pretrial conference.

V.      This matter is set for a further pretrial conference on June 8, 2016 at 10:30 a.m.


**ENTER:      May 12, 2016**


**Robert W. Gettleman**
**United States District Judge**